IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMY EARL THOMAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-CV-564-TH-CLS |
| | § | |
| JOHN B. STEVENS, DANIAL WAYNE BOYD, KEVIN S. LAINE, and GREGORY PRATT, | § | |
| | § | |
| *Defendants*. | § | |

## **REPORT AND RECOMMENDATION**

This case was referred to the undersigned for pretrial management pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff, proceeding *pro se*, filed his original complaint on November 28, 2022. (Doc. #1.) On December 2, 2022, the undersigned ordered Plaintiff to either: (1) pay the required filing fee; or (2) complete the application to proceed *in forma pauperis* and return it to the court within ten days after service of the order. (Doc. #2.) The order advised Plaintiff that failure to submit payment or an application to proceed *in forma pauperis* would result in dismissal of this action, without prejudice, for want of prosecution. To date, Plaintiff has neither paid the fee nor submitted an application to proceed *in forma pauperis*. Plaintiff has taken no further action to prosecute this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

As of this date, Plaintiff has failed to comply as ordered. Accordingly, Plaintiff has failed to diligently prosecute this case. Therefore, this case should be dismissed, without prejudice, for want of prosecution pursuant to FED. R. CIV. P. 41(b).

## Recommendation

This case should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 9th day of January, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE